UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR MARTINEZ-SALCEDO,<br><br>Defendant. | NO. CR-05-2050-EFS<br><br>**ORDER DENYING MOTION TO DISMISS CASE, GRANTING MOTION FOR DISCOVERY, AND DENYING AS MOOT MOTION TO COMPEL GRAND JURY TRANSCRIPTS AND MOTION FOR DISCLOSURE OF EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404 AND 609.** |

A Pretrial Conference was held in the above-captioned matter on July 19, 2005. Defendant Salvador Martinez-Salcedo was present, represented by Kurt M. Rowland. Assistant United States Attorney Robert Ellis appeared on behalf of the United States. Defendant originally raised a collateral attack on his previous deportation order; however, in Court he argued the Government was precluded from using evidence of an allegedly invalid deportation to demonstrate that he left the country, a necessary element under 8 U.S.C. § 1326. Herein, the Court addresses both arguments. After considering all submitted briefs, oral argument and relevant law, the Court, for the reasons given on the record and supplemented herein, **denies** the Motion to Dismiss.

ORDER ~ 1

**A. Collateral Attack**

In the domain of illegal re-entry cases, the Ninth Circuit held Congress did not intend to "require a separate official or formal act of deportation to precede each repeated violation of [8 U.S.C.] § 1326." *United States v. Meza-Villarello*, 602 F.2d 209, 211 (9th Cir. 1979). However, the Ninth Circuit in *Meza-Villarello* stated "the government should be required to prove that the defendant had been outside the United States after each conviction before again prosecuting him for being 'found' within the United States in violation of 8 U.S.C. § 1326." *Id*. Defendant was charged on October 17, 2000, with illegal re-entry in violation of 8 U.S.C. § 1326 due to a previous deportation occurring on April 7, 2000. Mr. Martinez Salcedo pled guilty to this charge and was sentenced to 46 months. Subsequent to this chain of events, Defendant was also deported on February 14, 2004. This deportation came through an administrative order reinstating the 2000 sentence. In the present case, Defendant was charged on May 17, 2005, with re-entering the country illegally after his 2000 conviction.

Defendant contends his February 14, 2004, deportation pursuant to an administrative order was invalid and therefore the Government cannot rely upon the previous order to prove Defendant was outside the country after the 2000 conviction. A defendant who can establish a defective prior deportation proceeding, in that the defendant never had proper judicial review, may stage a collateral challenge to the use of a prior order of removal as an element of a subsequent criminal re-entry charge. *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-839 (1987). The Ninth Circuit held "an immigration judge must conduct all proceedings for

deciding the inadmissability or deportability of an alien." *Morales-Izquierdo v. Ashcroft*, 388 F.3d 1299, 1305 (9th Cir. 2004). Thus, a deportation proceeding held without an immigration judge may amount to a defective prior deportation proceeding. *Id*. Defendant's reinstatement proceeding in 2004 was not held before an immigration judge. Thus, the Court finds the officers who executed the order were acting *ultra vires*. *Id*.

However, "a defendant who seeks to exclude evidence of a deportation order in a prosecution under 8 U.S.C. § 1326 must do more than demonstrate deprivation of the right to a direct appeal from that order. The defendant also bears the burden of proving prejudice." *United States v. Proa-Tovar*, 975 F.2d 592, 595 (9th Cir. 1992) (*en banc*). Defendant asserts no authority to demonstrate that the lack of an immigration judge *per se* prejudiced him. In addition, Defendant fails to prove prejudice because he had waived his ability to attack the 2000 deportation order – which was simply reinstated in 2004 – by signing a concession of deportation[1]. Further, as discussed in more detail below, the Government may rely upon statements made by Defendant following his 2005 arrest to prove Defendant is in the United States subsequent to being outside the

---

[1] Defendant agreed and stipulated "to an order of Reinstatement of the Order and Removal and further [agreed] to waive [his] right to protest such order." Eastern District of Washington Case No. CR-00-2160-EFS, (Ct. Rec. 16). Further, Defendant waived his "right to appeal or to reopen or challenge [in] any way the Order of Reinstatement of the prior Order of Removal." *Id*.

ORDER ~ 3

country.  Accordingly, the Court finds Defendant is unable to collaterally attack the prior proceeding.[2]

**B. Exclusionary Rule**

The Court finds the exclusionary rule does not prevent the Government from relying on statements made by Defendant. The exclusionary rule has been expressly limited in the past when it will not serve either a deterrent value or attempts to punish officers acting under reasonable reliance. *United States v. Leon*, 104 S. Ct. 3405, 3407 (1984); *Ariz. v. Evans*, 115 S. Ct. 1185, 1187 (1995). Thus, even if the holding of *Morales-Izquierdo* creates a due process violation, which thereby taints the arrest warrant issued May 10, 2005, for a re-entry violation, the arresting officer relied on the warrant in good faith, as did the interrogating officer, Agent Nino. Defendant did not provide any evidence demonstrating the officers acted in bad faith. Accordingly, the good faith reliance by the officers on the warrant ultimately led to Defendant's self-incriminating statements made after Defendant was advised of his *Miranda* rights. Neither party disputes Defendant informed Agent Nino on May 11, 2005, that he was outside of the country subsequent to his 2000 conviction. The Court therefore finds Defendant failed to

---

[2]Further, the Government in the instant case need not rely on an ultimately invalid administrative order. The document is advanced only to demonstrate Defendant is in the United States after leaving the country. The administrative order is not an element of the instant offense and thereby does not run afoul of *Mendoza-Lopez*. *Id*. at 840.

ORDER ~ 4

prove the exclusionary rule applies to Defendant's self-incriminating statements.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Case, **(Ct. Rec. 22)**, is **DENIED**.

2. Defendant's Motion for Discovery, **(Ct. Rec. 19)**, is **GRANTED**.

3. Defendant's Motion to Compel Grand Jury Transcripts, **(Ct. Rec. 15)**, and Defendant's Motion for Disclosure of Evidence Pursuant to Federal Rules of Evidence 404 and 609, **(Ct. Rec. 17)**, are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to all counsel.

**DATED** this 1st day of August, 2005.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2005\2050.dismiss.deny.wpd

ORDER ~ 5